Alan Charnes, Director Department of Revenue 1375 Sherman Street Denver, CO 80203
Dear Mr. Charnes:
This opinion is written in response to your request for an attorney general opinion regarding whether the apportionment of income taxes mandated by C.R.S. 1973, 39-22-623(1)(a) should be made before or after cigarette tax refunds are made pursuant to C.R.S. 1973, 39-28-104(3).
QUESTIONS PRESENTED AND CONCLUSIONS
1. What is the meaning of the phrase "total taxes" in C.R.S. 1973, 39-22-623(1)?
 My conclusion is that the phrase "total taxes" means all revenue collected from the sale of cigarette stamps prior to consideration of any discounts, refunds or other deductions.
2. May the state deduct discounts or refunds from the cigarette tax fund in order to determine the amount of money which may be apportioned to local governments pursuant to C.R.S. 1973,39-22-623(1)(a)?
 My conclusion is "no." Refunds, discounts or credits may not be deducted in order to determine the amount of money which may be apportioned to local governments.
ANALYSIS
1. C.R.S. 1973, 39-22-623 governs the apportionment and distribution of state income taxes to local governments. Under39-22-623 an amount equal to 46 percent of gross state cigarette taxes must be apportioned and distributed to local governments from state income taxes. The last sentence of 39-22-623(1)(a) (Cum. Supp. 1981) defines gross state cigarette tax as "thetotal tax before the discount provided for in C.R.S. 1973, 39-28-104(1)." (emphasis added.)
Reference both to common usage and to 39-28-104(1) will prove that "total tax" means all taxes prior to refunds, discounts or any other deductions. The common definition of total is "of or relating to something in its entirety; viewed as an entity; constituting an entire number or amount." Webster's ThirdNew International Dictionary. In essence, under common usage, "total" means everything.
This interpretation of "total taxes" is confirmed by reference to C.R.S. 1973, 39-28-104(1). C.R.S. 1973, 39-28-104(1) authorizes the Department of Revenue to sell stamps for cash to licensed wholesalers at a discount of 4 percent of their face value. C.R.S. 1973, 39-22-623(1)(a) eliminates the discount from the definition of "total tax." Therefore, 39-22-623(1)(a) is concerned only with revenue from the sale of stamps. It is important to note that 39-22-623(1)(a) refers only to 39-28-104(1). It does not refer to 39-28-104(3), the section which discusses credits for unsalable merchandise and redemption for any unused or uncancelled stamps. Because 39-22-623(1)(a) does not incorporate 39-28-104(3), credits or redemptions cannot be considered as part of the formula to determine total taxes.
2. Given the fact that 39-22-623(1)(a) refers to taxes before any deductions are made, the department may not deduct any credits or refunds made pursuant to 39-28-104(3).
Your inquiry expresses concern that failure to offset cigarette taxes by credits or refunds will cause a subsidy of cigarette taxes by the general fund. The unstated assumption of your concern is that cigarette taxes are to be the ultimate source of funds for distribution under 39-22-623. This assumption is incorrect. The intent of the legislature is to use income tax revenues as the source of funds for distribution, rather than the general fund or cigarette tax revenues. The introductory sentence to 39-22-623 is instructive. It states:
 The proceeds of all monies collected under this article, less the reserve retained for refunds, shall be distributed as follows: . . . .
(emphasis added). Article 22 is the income tax article. By specifically limiting revenue to article 22, the legislature was limiting funds to be used for apportionment to local government to income taxes. Thus, cigarette tax revenues were not intended to be used to reimburse the local government. Cigarette tax revenues instead are used as a standard to determine the amount of money to be used each year to reimburse local governments. Therefore, there is no subsidization of cigarette tax revenues by general fund since neither source of funds is used to pay for state reimbursement to local governments.
SUMMARY
The apportionment mandated by C.R.S. 1973, 39-22-623 should be made before refunds, credits, or other deductions are taken into account.
Very truly yours,
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE
C.R.S. 1973, 39-22-623(1)(a)
REVENUE, DEPT. OF Administrative Div.
The state may not deduct discounts or refunds from the cigarette tax fund in order to determine the amount of money which may be apportioned to local governments.